FILED
JUN 1 9 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GENE ALLEN,

    Petitioner,

v.      Civil Action No. 17-1110 (UNA)

STATE OF NEVADA, *et al.*,

    Respondents.

## MEMORANDUM OPINION

The petitioner has submitted various documents, the first page of which is titled Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and other pages are preprinted forms for filing a petition for a writ of certiorari in the Supreme Court of the United States, and copies of orders issued by the Supreme Court of the State of Nevada and the Eighth Judicial District Court for the State of Nevada. Taken together, the Court construes the petitioner's submission as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

As this Court previously has explained, the petitioner has no recourse in this federal district:

> Federal court review of state convictions is available under 28 U.S.C. § 2254 but only after the exhaustion of available state remedies. *See* 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). To the extent that petitioner has exhausted his state remedies, his federal recourse lies in the United States District Court for the District of Nevada.

*Allen v. U.S. Supreme Court Office of the Clerk*, No. 10 CV 1001, 2010 WL 2484507, at *1 (D.D.C. June 15, 2010); *see also Allen v. Nevada*, No. 13 CV 0584, 2013 WL 1832412, at *1 (D.D.C. Apr. 26, 2013). If instead the petitioner is challenging the denial of parole, *see* Pet. at 11, 14, 16-19 (page numbers designated by the petitioner), the Court notes that this claim already has been raised in a prior civil action, *see Allen v. Cox*, No. 3:14 CV 00510, 2017 WL 924461, at *1 (D. Nev. Mar. 8, 2017) (alleging that Nevada Board of Parole Commissioners "arbitrarily and unreasonably denied his parole in 2014 in violation of his Fifth and Fourteenth Amendment due process and equal protection rights").

The Court will deny the petition and dismiss this civil action. An Order is issued separately.

DATE: June 15, 2017

_____
United States District Judge